IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE MEDICUS FIRM, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:18-cv-02330-L (BT) |
| HAROLD LIVINGSTON and PACIFIC COMPANIES, INC., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Almost seven months after filing this civil action to enforce a non-solicitation agreement, Plaintiff The Medicus Firm, Inc. (Medicus) filed a motion seeking preliminary injunctive relief (ECF No. 58). On June 4, 2019, the magistrate judge held a hearing on the motion. After considering the parties' arguments and the applicable law, the findings, conclusions, and recommendation of the magistrate judge are as follows:

**Background**

In its original Complaint, Medicus alleges that its former employee Defendant Harold Livingston breached a non-solicitation contract by, among other things, soliciting Erlanger Health System (Erlanger) to purchase services from his new employer, Defendant Pacific Companies, Inc. (Pacific). Original Compl. at 9, ¶ 40 (ECF No. 1). Medicus contends that it introduced Livingston to

Erlanger, and following that introduction, Livingston used Medicus's goodwill with Erlanger to develop a business relationship with Erlanger that he did not have before working at Medicus. *Id.* Medicus further contends that Livingston resigned from Medicus in April 2018 and shortly thereafter began soliciting Erlanger on behalf of Pacific. *Id.* at 7, ¶ 31 & 9, ¶ 41. Medicus specifically alleges that Livingston emailed an Erlanger client representative in August 2018 and invited her to dinner at a recruiting industry conference scheduled for October 22 and 23, 2018. *Id.* at 9, ¶ 41. Medicus filed this lawsuit on August 31, 2018.

On October 26, 2018, Medicus filed an amended complaint in which it repeated its allegations that Livingston solicited Erlanger on Pacific's behalf. Am. Compl. at 13, ¶ 59 (ECF No. 8). Medicus again alleged that Livingston invited an Erlanger client representative to dinner during the October 22-23, 2018 conference. *Id.* at 14, ¶ 60. Medicus also alleged "[u]pon information and belief, Livingston, with the acquiescence and encouragement of Pacific has solicited other Medicus clients to offer competing services from Pacific." *Id.* at ¶ 61.

On March 27, 2019, Medicus filed the pending motion for preliminary injunctive relief based on its discovery that Livingston entered into a physician placement contract with Erlanger on Pacific's behalf of March 1, 2019. Mot. at 7. Medicus argues Livingston is blatantly trying to "steal" the relationship with Erlanger and, by its motion, seeks preliminary injunctive relief "to prevent further imminent and irreparable harm from Livingston and Pacific's grossly unfair competition*.*" *Id.* at 2. Specifically, Medicus seeks a preliminary injunction

enforcing the terms of the non-solicitation agreement until trial. *Id.* at 4. If the motion is not granted, Medicus asks the Court to allow discovery and permit leave to file an amended motion for preliminary injunction following discovery. *Id.* The motion has been fully briefed and argued and is ripe for determination.

## Legal Standard and Analysis

As this court has frequently explained, "[t]here are four prerequisites for the extraordinary relief of a temporary restraining or preliminary injunction." *Marek Brother Sys., Inc. v. Enriquez*, 2019 WL 3322162, at *2 (N.D. Tex. July 24, 2019) (Lindsay, J.). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Id.* (quoting *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc)). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Id.* (citing *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993). If a party fails to meet any of the four requirements, the court cannot grant the relief requested. *Id.*

3

With respect to the second requirement, Medicus's delay in seeking a preliminary injunction militates against the issuance of the relief requested. Medicus knew its relationship with Erlanger was vulnerable to Livingston before it filed this lawsuit. In its original Complaint filed in August 2018, Medicus alleged Livingston had emailed an Erlanger client representative and invited her to dinner during an upcoming conference in late October 2018. Compl. at 9, ¶ 41. Medicus alleged "Livingston's actions in . . . contacting Medicus's clients for purposes of selling services and entering into commercial transactions on behalf of Pacific with such clients are direct violations of the terms of [the non-solicitation agreement]," and "Livingston's breach of [the non-solicitation agreement] . . . has caused Medicus immediate and irreparable injury for which there is no adequate remedy at law. Medicus has been and continues to be damaged by Livingston's actions and conduct in an amount that cannot be presently determined." *Id.* at 12, ¶ 54. Medicus also advised that it was contemplating filing a motion for a preliminary injunction. *Id.* ("Medicus intends to seek preliminary and permanent injunctive relief to prevent Livingston's continued breach of his non-solicitation obligations."); *see also id.* at 15, ¶ 75 ("*Upon subsequent motion*, Medicus intends to seek preliminary and permanent injunctive relief.") (emphasis added). Medicus repeated these same allegations in October 2018 when it filed its Amended Complaint. Am. Compl. at 13-14, ¶¶ 59-60; 17, ¶ 70; 17, ¶ 74; 20, ¶ 97. But Medicus did not seek such extraordinary relief until March of 2019—more than six months after it filed this lawsuit complaining that Livingston's alleged interference with

4

Erlanger may cause it irreparable injury. At the hearing counsel for Medicus represented that he suspects Livingston may have solicited other clients in addition to Erlanger, but Medicus makes no allegation—much less identifies evidence of—any other prohibited solicitation of a specific client. In view of its delay in seeking preliminary injunctive relief, the Court finds Medicus has failed to satisfy the irreparable harm requirement. *Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, 2016 WL 4944370, at *16 (N.D. Tex. Sept. 16, 2016) (Lindsay, J.) (denying motion for preliminary injunction on grounds that delay of approximately six months "strongly undercut[ ]" plaintiff's claim of irreparable harm); *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (Lindsay, J.) (same where movant waited five months to move for a preliminary injunction from filing of suit). Because Medicus failed to satisfy the irreparable harm requirement, the Court need not address the other factors and should deny Medicus's request for a preliminary injunction at this time.

Turning to Medicus's alternate request that, in the event the motion is not granted, the Court allow discovery and permit leave to file an amended motion for preliminary injunction following discovery, the Court observes this request has already been granted in part. Following the June 4, 2019 hearing, the Court entered a Pretrial Scheduling Order (ECF No. 94) allowing for broad discovery under the Federal Rules of Civil Procedure. The parties have been free to conduct discovery, and presumably have been conducting discovery, since that date. To the extent Medicus requests leave to file an amended motion for a preliminary

5

injunction following discovery, that request should be granted. Medicus should be permitted to renew its request for preliminary injunctive relief in advance of trial if discovery reveals evidence that Livingston has solicited other specific clients of Medicus in violation of the non-solicitation agreement.

August 16, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).